IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MS. RONNY DARNELL,                )
                                  )
         Plaintiff,               )
                                  )
v.                                )   Case No. CIV-12-1065-M
                                  )
JUSTIN JONES, in his personal     )
capacity; DON SUTTMILLER, in his  )
personal capacity; JANET          )
DOWLING, in her personal capacity;)
KATRYNA FRECH, in her personal    )
capacity; and JAMES SMASH,        )
in his personal capacity,         )
                                  )
         Defendants.              )

## REPORT AND RECOMMENDATION

### Defendants' Motion to Dismiss

Ronny Darnell, a state inmate appearing pro se, brings this action under 42 U.S.C. 1983 maintaining that "James Crabtree Medical" (JCCC)[1] is denying treatment for gender identity disorder in violation of the Eighth and Fourteenth Amendments. Doc. 1, at 2.[2] Plaintiff names the following Defendants: (1) Justin Jones, Director of the Oklahoma Department of Corrections (DOC); (2) Don "Sutmiller" [sic], Chief Medical Officer of the DOC; (3) Janet Dowling, Deputy

---

[1] Plaintiff is now incarcerated at the Joseph Harp Correctional Center. Doc. 61.

[2] Page citations to the complaint are in sequential order and reflect the court's CMECF pagination.

Warden of JCCC; (4) Katryna Frech, Correctional Health Service Administrator II at JCCC; and (5) James Smash, a psychologist at JCCC.[3]  *Id.* at 1-3.  As relief, Plaintiff claims entitlement to (1) hormone treatment, (2) counseling, (3) "name change to fit my identity to Phoebe Halliwell," (4) laser hair-removal treatment, and (5) an appointment with a transgender specialist.  *Id.* at 6.  The matter is before the undersigned Magistrate Judge on referral by Chief United States District Judge Vicki Miles-LaGrange for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

I. **Plaintiff's complaint.**

Plaintiff, using female pronouns,[4] states that he is "a [male-to-female] Transgender" with gender identity disorder.  *Id.* at 2.  Plaintiff generally alleges that Defendants "are denying [him] any kind of medical treatment at all for [his] serious medical need," specifically, "[his] hormones treatment . . . ."  *Id.*

---

[3] Plaintiff initially named the DOC as a Defendant but subsequently withdrew those claims.  Docs. 20, 23.

[4] The undersigned, however, will use male pronouns, not intending any discourtesy to Plaintiff but for purposes of clarity.  According to publicly-available records on the DOC Website, Plaintiff is incarcerated under the name Ronny E. Darnell and is described as a male. http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30& _schema=PORTAL30&doc_num=521825&offender_book_id=308502.  Any order ultimately issued by this court to any DOC Defendant will necessarily be as to the inmate with those identifiers.

2

Describing the nature of the case, Plaintiff alleges he is "a female not a male [who] was just born in the wrong body" and that he "hate[s] what [Defendants] have turned [him] into by taking [his] hormones away from [him] when [he] came into ODOC."[5] *Id.* Plaintiff claims this denial of hormones causes the deepening of his voice, depression, and daily anxiety attacks. *Id.*

Through the first of two counts of his cause of action, Plaintiff claims Defendants denied his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 4. As factual support, Plaintiff alleges that Defendant Smash denied Plaintiff's request to be seen for gender identity disorder, maintaining that he was not aware of any inmate that the DOC treated for this disorder. *Id.* When Plaintiff grieved this response to Defendant Frech, she answered that gender identity disorder is not a mental health issue. *Id.* Defendant Suttmiller then allegedly failed to answer Plaintiff's appeal of that response. *Id.*

In his second count, Plaintiff asserts an equal protection violation and claims that "[d]enying [his] name change would interfere with [his] medical

---

[5] In this regard, publically-available records on the DOC Website establish that Plaintiff was received into DOC custody on January 13, 2006, and that he will be serving lengthy sentences on one conviction for forcible sodomy and two convictions for first-degree rape. http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=521825&offender_book_id=308502

3

treatment, and put [him] at risk of serious psychological harm, while serving no legitimate purpose." *Id.*

## II. Relevant procedural history.

Because Plaintiff failed to state if he was suing Defendants in their personal or official capacities, or both, the then-assigned Magistrate Judge ordered Plaintiff to so state. Doc. 7. Plaintiff responded with a motion to amend his complaint to reflect that he was suing Defendants in their official capacities. Doc. 9. Plaintiff subsequently changed his mind and filed a second motion to amend the complaint to show that he was suing Defendants in their individual capacities. Doc. 20. The court granted Plaintiff's motion, ordered service upon Defendants in their personal capacities, and amended the case caption "to make clear that [Defendants] are being sued in their personal capacities -- not their official capacities." Doc. 23.

Defendants then filed the instant motion to dismiss, a motion grounded solely on the theory that "Plaintiff fails to state a claim for which relief may be granted from these *individually named* defendants." Doc. 38, at 1 (emphasis added). They argued that:

> The Tenth Circuit states that when a plaintiff sues pursuant to §1983, he "may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3d 1152, 1162 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 30, 27, 112 S. Ct. 358, 116 L.Ed.2d 301

4

(1991)[ )].

*Id.* at 3-4. Defendants maintained that because Plaintiff seeks neither monetary damages from them in their individual capacities nor injunctive relief from them in their official capacities, his § 1983 claims must be dismissed for failure to state a claim upon which relief can be granted. *Id.*

Plaintiff – who was advised specifically of the filing of this motion and of his time to respond, Doc. 39 – subsequently filed (1) Plaintiff's Objection to Defendant's Motion to Dismiss Plai[n]tiff's Motion for Preliminary Injunction and, (2) Plaintiff's Motion to Objection to Defendant's Motion to Dismiss. Docs. 43, 44. Nonetheless, in both of these papers – despite their titles[6] – Plaintiff addresses *only* the merits of his case and issues pertaining to his request for a preliminary injunction. *Id.* He wholly failed to respond in *any* manner to Defendants' motion to dismiss.[7] *Id.* And, while Plaintiff then filed two additional motions to amend, in neither did he seek to amend the capacity or capacities in which he is suing Defendants nor the nature of the relief he seeks. Docs. 49, 58. In fact, Plaintiff reiterated that he is suing these Defendants in

---

[6] The motion to dismiss at issue here is the *only* motion filed by Defendants in this action.

[7] Plaintiff was clearly aware of the pending motion. In another paper filed before his response to the motion to dismiss was due, Doc. 47, at 1, Plaintiff referenced Doc. 38, the motion's CMECF docket number.

5

their individual capacities for injunctive relief. Doc. 49, at 1-3.

## III. Analysis.

### A. Plaintiff's failure to respond to the motion to dismiss.

The court not only notified Plaintiff of the filing of Defendants' motion to dismiss but went on to advise him of his response date and, citing the court's civil procedural rules, cautioned that his "failure to timely respond could result in confession of the motion to dismiss." Doc. 39. Nonetheless, Plaintiff did not address the merits of the motion but chose instead to focus on his request for a preliminary injunction. Under Tenth Circuit law, however, "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).

### B. Plaintiff's sole claim against Defendants.

The court liberally construes a pro se Plaintiff's pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "[t]he burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he . . . is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (Courts "will not supply

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf.").

In the Tenth Circuit, as Defendants plainly – and simply – argued,[8] a Plaintiff suing under § 1983 "may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 30, 27 (1991)). Here, Plaintiff seeks injunctive relief, and he has deliberately chosen to seek it only from the Defendants in their individual capacities. Accordingly, Plaintiff has failed to state a viable claim against these individual-capacity Defendants upon which relief may be granted.

Because "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings," *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991), dismissal of a pro se litigant's complaint for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his]

---

[8] Despite his lack of success with two earlier motions for appointment of counsel, Docs. 3, 11, 25, and 27, Plaintiff once again requested appointed-counsel after the Defendants filed their motion to dismiss. Doc. 40. In part, he contended that the "issues in this case are complex, and will require significant research . . . ." *Id.* at 1. Contrary to Plaintiff's argument, the Defendants' argument and supporting authority could not be more simple or straight-forward – Plaintiff may only sue defendants in their individual capacities for money and in their official capacities for injunctive relief. Doc. 38, at 3-4.

complaint would be futile." *Whitney*, 113 F.3d at 1173 (quotation omitted). As detailed above, Plaintiff deliberately chose to cast his complaint in this manner. After being made aware of the clear, straight-forward legal result of that choice, he did not seek to amend his complaint to state alternative claims. No amendment can cure Plaintiff's claim for injunctive relief against Defendants in their individual capacities – dismissal of the complaint's sole claim with prejudice is warranted. And, because Plaintiff neither responded to the merits of Defendants' motion nor requested leave to amend, the undersigned sees no basis on which to affirmatively recommend that Plaintiff be granted leave to amend his complaint. Nonetheless, the undersigned recommends that the action be dismissed without prejudice.

**IV. Recommendation and notice of right to object.**

For these reasons, pursuant to Fed. R. Civ. P. 12(b)(6), the undersigned recommends that Defendants' motion to dismiss, Doc. 38, be granted to the extent that Plaintiff's claim for injunctive relief against Defendants in their individual capacities be dismissed with prejudice and, in the absence of a remaining viable claim, recommends that Plaintiff's cause of action be dismissed without prejudice. In light of these recommendations, it is further recommended that all pending motions be deemed moot.

The parties are advised of their right to object to this Report and

Recommendation by July 10, 2013, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this case.

IT IS SO ORDERED this 20th day of June, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE